UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH PIARD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 24-cv-40004-MRG |
| ) | |
| KELLY STANLEY ) | |
| ) | |
| Defendant. ) | |

ORDER ON MOTION TO DISMISS [ECF No. 13]

**GUZMAN, D.J.**

Plaintiff Joseph Piard, Jr. who is confined at the North Central Correctional Institution (NCCI) in Gardner, Massachusetts, brings this action against Kelly Stanley, the assistant treasurer at NCCI, for allegedly reading Piard's legal mail. For the reasons set forth below, the motion to dismiss is **GRANTED without prejudice.**

I.   Background

Plaintiff claims that, on December 18, 2023, he was notified in writing that a piece of mail he had sent to the Boston Police Commissioner was missing postage. [ECF No. 1 at 1]. The written notification stated that the defendant, NCCI Gardner assistant treasurer Kelly Stanley, had mistakenly opened the mail. [Id.] Plaintiff asserts that the outgoing letter was "legal mail" that should have only been opened in his presence. [Id.] According to Plaintiff, Stanley's decision to open the letter outside of Plaintiff's presence instead of availing herself of other options to address the missing postage "elucidates that she violates [his] constitutional rights." [Id.] Plaintiff alleges that Stanley "intentionally opened and read a legal matter that I was sending to the Boston Police commissioner." [ECF No. 3 at 6]. The

1

same day, Plaintiff filed an informal grievance concerning the matter. [ECF No. 17-1 at 2]. Two days later, the grievance was granted with the explanation that his mail had been "mixed in with the 'in house' mail'" and had been opened by mistake. [Id.]

## II.     Legal Standards

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint must give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In evaluating whether a complaint states a claim upon which relief may be granted, the Court considers only "well-pleaded" factual allegations. In other words, allegations that consist merely of "labels and conclusions" are not credited. Twombly, 550 U.S. at 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration in original) (quoting Twombly, 550 U.S. at 557). Instead, the well-pleaded facts, treated as true, must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court is mindful of Piard's *pro se* status and acknowledges that the Court must construe his allegations liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Indeed, a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Id. (quoting Estelle v. Gamble, 429 U.S. 97, 107 (1976)). That said, *pro se* litigants "still must comply with procedural and substantive law" and "[d]ismissal of a pro se complaint is appropriate when the complaint

fails to state an actionable claim." Harihar v. U.S. Bank Nat'l Ass'n, No. 15-cv-11880-ADB, 2017 U.S. Dist. LEXIS 50596, at *14 (D. Mass. Mar. 31, 2017) (citations omitted).

The Court, reading the complaint liberally, construes Plaintiff's claim as a violation of the First Amendment, actionable under 42 U.S.C. § 1983. Prisoners have rights under the First Amendment to send and receive mail, subject to restrictions reasonable related to penological interests. Pell v. Procunier, 417 U.S. 817, 822 (1974) ("a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."); Novosel v. Wrenn, No. 10-cv-165-PB, 2010 U.S. Dist. LEXIS 125973, at *8-9 (D.N.H. Nov. 18, 2010) ("Prison inmates maintain a First Amendment right, albeit not an unlimited right, to send and receive mail.") (citing Jones v. N.C. Prisoners' Labor Union, Inc., 433 U.S. 119, 129 (1977)).

### III. Discussion

Plaintiff's complaint must be dismissed for failure to state a claim because he fails to meet the plausibility standard of pleading. In this action, Plaintiff does not challenge the Department of Correction (DOC) regulations regarding inmate mail overall, see 103 CMR § 481, rather he appears to allege that Defendant violated the regulations by opening "legal mail." Piard is mistaken that his letter to the Boston Police Commissioner was privileged mail. While mail to the commissioner of DOC or other state level public officials is generally privileged, mail to a municipal police commissioner, like the Boston Police Commissioner, does not fall within the categories of mail that are considered to be privileged. See 103 CMR § 481.11(1); 103 CMR § 481.10(1). Additionally, Plaintiff fails to plausibly plead that Defendant Stanley actually read his mail. Piard seems to infer that simply because the letter was opened, Stanley read his mail. This bare inference is not sufficiently supported by fact.

3

Furthermore, even if Plaintiff's letter had been privileged, a single incident of mishandling privilege mail does not rise to the level of a constitutional violation. See <u>Davis v. Goord</u>, 320 F.3d 346, 351 (2d Cir. 2003) ("While a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation" (citation omitted)). Piard has only raised an "inference of . . . the mere possibility of misconduct[,]" which is insufficient to state a claim for relief. judgment. <u>Iqbal</u>, 556 U.S. at 679. Accordingly, the complaint is dismissed; however, considering Plaintiff's *pro se* status, the dismissal will be without prejudice.

## V.     Conclusion

For the reasons stated above, Defendant's motion to dismiss, ECF No. 13, is **<u>GRANTED without prejudice</u>**.

**So Ordered.**

Dated: September 29, 2025

                                                                  /s/ Margaret R. Guzman
                                                              Margaret R. Guzman
                                                              United States District Judge